UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL, | No. 2: 13-cv-1054 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. PETERSON, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss on the following grounds:  1) pursuant to Federal Rules of Civil Procedure 18(a) and 20 for asserting unrelated claims; 2) pursuant to Federal Rule of Civil Procedure 12(b) for failing to exhaust administrative remedies; and 3) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted.

    After carefully reviewing the record, the undersigned grants defendants' motion, in part, with leave to amend.

Plaintiff's Claims

    This action is proceeding on the first amended complaint as to defendants Lee, Williams, Peddicord, Chaplain Howard, Chaplain Peaman and Gamberg. (ECF No. 10.)  The amended

1

complaint contains three claims for relief.

In claim one, plaintiff alleges that on August 15, 2012, he arrived at High Desert State Prison ("HDSP") from the California Correctional Institution ("CCI") with his religious diet card. Plaintiff alleges that the card allows plaintiff to receive a vegetarian/vegan religious diet throughout the California Department of Corrections ("CDCR").  Plaintiff alleges that after he arrived at HDSP, officials would not honor his religious diet card.  HDSP prison officials told plaintiff that he would have to get a religious diet card from the HDSP chaplain.  Plaintiff alleges that he made numerous requests to see the chaplains, i.e., defendants Howard and Peaman, but was not seen by a chaplain until October 23, 2012, i.e., two months after he arrived at HDSP. Plaintiff alleges that during that month, he was served food with meat, which he could not eat. Plaintiff alleges that he lost 50 pounds during this time.

In claim two, plaintiff alleges that after he broke his ankle in June 2011, he was seen by orthopedist specialist Dr. Mehul on February 29, 2012.  Dr. Mehul recommended that plaintiff receive bone stimulation treatment and tibiotalar effuction.  When plaintiff arrived at HDSP on August 15, 2012, Dr. Pomazal recommended that plaintiff receive physical therapy.  Plaintiff alleges that defendant Lee denied him physical therapy, crutches, a cane, follow-up treatment and x-rays by an orthopedic specialist despite plaintiff's pain and difficulty walking.

In claim three, plaintiff alleges that on March 20, 2012, he was attached by his cellmate, inmate Finister, while housed at CCI.  Plaintiff alleges that after he was transferred to HDSP, on October 24, 2012 he told defendants Williams, Peddicord and Gamberg about the attack by inmate Finister and expressed his safety concerns.  Plaintiff alleges that defendants Williams, Peddicord and Gamberg disregarded plaintiff's safety needs when they housed plaintiff and Finister on the same yard.  Plaintiff alleges that on February 21, 2013, inmate Finister attacked him a second time.

<u>Discussion</u>

The undersigned first considers defendants' argument that plaintiff's claims are not properly joined.

////

Unrelated claims against different defendants must be pursued in multiple lawsuits:

> The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed.R.Civ.P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Defendants argue that the claims raised in plaintiff's third amended complaint are not properly joined because they involve three separate and distinct events against different defendants. Defendants argue that there are no common questions of fact among plaintiff's three claims.

The undersigned agrees that plaintiff's unrelated claims against different defendants are improperly joined. While plaintiff's claims all arose at HDSP, they involve different incidents and different defendants. Accordingly, defendants' motion to dismiss on this ground is granted with leave to amend. Plaintiff is directed to choose one of the claims raised in his amended complaint on which to proceed. Plaintiff is granted thirty days to file a second amended complaint raising only the one claim on which he chooses to proceed. Any amended complaint may not change the nature of this suit by alleging new, unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints).

Because the undersigned finds that plaintiff's claims are not properly joined, there is no need to address the remaining arguments raised in defendants' motion to dismiss at this time.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss (ECF No. 16) is granted; plaintiff is granted thirty days to file a second amended complaint; defendants'

////

3

response to the second amended complaint is due twenty-one days thereafter.

Dated: April 3, 2014

On1054.mtd(2)

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE